IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. _____ |
| PELOTONIA, LLC, | | **JURY DEMANDED** |
| Defendant. | | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff The Board of Regents of The University of Texas System, for and on behalf of The University of Texas M. D. Anderson Cancer Center, appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and trademark infringement, unfair competition, and unjust enrichment under Texas common law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

4. This Court has personal jurisdiction over Defendant Pelotonia, LLC on the grounds that Pelotonia has engaged in wrongful acts of infringement in Texas and directed toward Texas.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Pelotonia has conducted business in the Southern District of Texas and because Pelotonia is subject to personal jurisdiction within this judicial district.

## PARTIES

6. The Board of Regents of The University of Texas System ("Plaintiff") is a state agency established for the purpose of governing The University of Texas System. The powers and duties of Plaintiff are set forth generally at Chapter 65 of the Texas Education Code. The University of Texas M. D. Anderson Cancer Center ("MD Anderson") is a member institution of The University of Texas System and specific authority to manage and control MD Anderson is conferred upon Plaintiff by Chapter 73, Subchapter C, of the Texas Education Code. Plaintiff maintains its principal office at 201 West 7th Street, Austin, Texas 78701.

7. Pelotonia, LLC ("Defendant") is an Ohio limited liability company with a principal place of business at 351 W. Nationwide Boulevard, Columbus, Ohio 43215.

## FACTS

**A.   PLAINTIFF AND ITS TRADEMARKS**

8. Plaintiff operates a system of world class universities and related institutions throughout the state of Texas, including MD Anderson in Houston.

9. Established seventy-five years ago, MD Anderson is the largest freestanding cancer center in the world and one of the world's most respected centers devoted exclusively to cancer patient care, research, education, and prevention. MD Anderson is one of the nation's original three comprehensive cancer centers designated by the National Cancer Act of 1971 and has ranked

as one of the top two hospitals in cancer care every year since U.S. News & World Report began its annual "America's Best Hospitals" survey in 1990. MD Anderson has received the top ranking in nine of the last ten years.

10. Since opening its doors, MD Anderson has treated more than one million patients, including more than 135,000 in 2015 alone. Approximately one-third of new patients arrive at MD Anderson from outside of Texas. MD Anderson receives the largest amount of total funding of grants given by the National Cancer Institute. In the previous fiscal year, MD Anderson invested more than $780 million in research and trained over 6,600 physicians, scientists, nurses, and allied health professionals.

11. MD Anderson has used the marks ONE GOAL: STOP ~~CANCER~~, ONE GOAL: END ~~CANCER~~, ONE GOAL: ~~CANCER~~ (all with "CANCER" struck out), and variants thereof (collectively, the "ONE GOAL Marks") in commerce nationwide for many years in connection with its charitable fundraising services, educational services, and medical services.

12. MD Anderson has developed substantial goodwill in the ONE GOAL Marks. The ONE GOAL Marks are respected by the public and represent the institution's commitment to providing world-class medical, educational, and charitable fundraising services.

13. As a result of MD Anderson's long use and promotion of the ONE GOAL Marks, the marks have become distinctive to designate MD Anderson, to distinguish the institution and its services from those of others, and to distinguish the source or origin of MD Anderson's services. As a result of these efforts by MD Anderson, the consuming public recognizes and associates the ONE GOAL Marks with MD Anderson.

14. As a result of MD Anderson's long use and promotion of the ONE GOAL Marks in Texas and elsewhere, the institution has acquired valuable common law rights in the ONE GOAL Marks.

15. In accordance with federal law, Plaintiff has registered or applied to register the marks ONE GOAL. STOP ~~CANCER~~., ONE GOAL: ~~CANCER~~, and ONE GOAL: CANCER on the Principal Register of the United States Patent and Trademark Office. *See* U.S. Reg. No. 4,829,721 and U.S. Ser. Nos. 86/275,243, 86/980,096, and 87/136,818. True and correct copies of this registration and these applications, which are valid and subsisting, are attached hereto as **Exhibit A**.

### B.     DEFENDANT'S INFRINGING ACTIVITIES

16. Defendant is an Ohio limited liability company dedicated to charitable fundraising for cancer research.

17. Defendant is promoting its services under the marks ONE GOAL END CANCER and ONE GOAL ("Defendant's Marks").

18. Defendant is prominently using Defendant's Marks in commerce nationwide in connection with its charitable fundraising services, including in its promotional material, on its website at http://pelotonia.org, and on its social media pages, which are available throughout the United States. Defendant is also prominently using Defendant's Marks in connection with the sale of products offered at Defendant's online store. Representative examples of Defendant's use of Defendant's Marks are attached hereto as **Exhibit B**.

19. Defendant solicits donations from and offers products to consumers in the State of Texas, including in this judicial district.

20. Defendant is not affiliated with or sponsored by MD Anderson and has not been authorized by the institution to use the ONE GOAL Marks or any confusingly similar marks.

21. Defendant's use of Defendant's Marks began after MD Anderson developed rights in its ONE GOAL Marks.

22. Nevertheless, Defendant sent a letter to Plaintiff in which it advised that it had used the mark ONE GOAL END CANCER "since March 2011" and alleged that Plaintiff's use of the mark ONE GOAL: STOP CANCER "creates a nearly identical commercial impression" and "could lead to confusion."

23. In response, Plaintiff advised that it had used the mark ONE GOAL: STOP CANCER since "long before Pelotonia's first use" and noted the "limited nature of Pelotonia's use." As a result of this exchange, Pelotonia withdrew its application to register the mark ONE GOAL END CANCER and MD Anderson understood that Pelotonia would thereafter cease using the mark ONE GOAL END CANCER. Despite this response, and with full knowledge of Plaintiff's prior rights, over the past two years Defendant (unbeknownst to MD Anderson) expanded its use of Defendant's Marks throughout Ohio and elsewhere, including in the Southern District of Texas.

C. **EFFECT OF DEFENDANT'S ACTIVITIES**

24. Defendant's unauthorized use of Defendant's Marks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendant with MD Anderson, or as to the origin, sponsorship, or approval of Defendant's services by MD Anderson.

25. Defendant's unauthorized use of Defendant's Marks falsely designates the origin of its products and services, and falsely and misleadingly describes and represents facts with respect to Defendant and its services.

26. Defendant's unauthorized use of Defendant's Marks enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by MD Anderson over many

-5-

years, and to gain acceptance for its services not solely on its own merits, but on the reputation and goodwill of MD Anderson, the ONE GOAL Marks, and MD Anderson's services.

27. Defendant's unauthorized use of Defendant's Marks unjustly enriches Defendant at MD Anderson's expense. Defendant has been and continues to be unjustly enriched by obtaining a benefit from MD Anderson by taking undue advantage of the institution and its goodwill. Specifically, Defendant has taken undue advantage of MD Anderson by trading on and profiting from the goodwill in the ONE GOAL Marks developed and owned by the institution, resulting in Defendant wrongfully obtaining a reputational benefit for its own services.

28. Defendant's unauthorized use of Defendant's Marks removes from MD Anderson the ability to control the nature and quality of services provided under the ONE GOAL Marks, and places the valuable reputation and goodwill of MD Anderson in the hands of Defendant, over whom MD Anderson has no control.

29. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to MD Anderson and to the public for which there is no adequate remedy at law.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

30. Plaintiff repeats the allegations above as if fully set forth herein.

31. The acts of Defendant complained of herein constitute infringement of MD Anderson's federally registered ONE GOAL. STOP CANCER. & Design mark in violation of 15 U.S.C. § 1114(1).

### COUNT II: FEDERAL UNFAIR COMPETITION

32. Plaintiff repeats the allegations above as if fully set forth herein.

33. The acts of Defendant complained of herein constitute trademark infringement and

unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

34. Plaintiff repeats the allegations above as if fully set forth herein.

35. The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### COUNT IV: COMMON LAW UNFAIR COMPETITION

36. Plaintiff repeats the allegations above as if fully set forth herein.

37. The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### COUNT V: UNJUST ENRICHMENT

38. Plaintiff repeats the allegations above as if fully set forth herein.

39. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a) Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using Defendant's Marks or any other mark that is confusingly similar to the ONE GOAL Marks, and from any attempt to retain any part of the goodwill misappropriated from MD Anderson;

(b) Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the

injunction;

      (c)     Plaintiff recover all damages it has sustained as a result of Defendant's activities, and that said damages be trebled;

      (d)     Plaintiff recover its reasonable attorney fees;

      (e)     Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

      (f)     Plaintiff recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

Dated: October 5, 2016

*s/ Louis T. Pirkey*
Louis T. Pirkey
Attorney-in-Charge
Texas Bar No. 16033000
Southern District of Texas Bar No. 391
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX 78701
(512) 322-5200
(512) 322-5201 (fax)

ATTORNEYS FOR PLAINTIFF

Of Counsel:

Jered E. Matthysse
Texas Bar No. 24072226
Southern District of Texas Bar No. 1115779
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX 78701
(512) 322-5200
(512) 322-5201 (fax)